UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DELORES S. HARRIS                                          CIVIL ACTION

VERSUS                                                    NO. 24-680-SDJ

GINA LAGARDE, et al.

<u>ORDER</u>

This matter comes before the Court on Plaintiff's Complaint.  For the following reasons, Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.     Factual and Procedural Background

*Pro se* Plaintiff Delores Harris instituted this action against the following Defendants on August 20, 2024: Gina Lagarde, Trina Davis, Jeffrey Nelson, T'Nia Dubose, and Jaimie Jakes Bailey.[1]  Plaintiff, in her Complaint, alleges that while working as an Administrative Program Coordinator 4, Safety Liaison at the Louisiana Department of Health/Office of Public Health, she reported "the clutter and disarray" in the office of the Medical Director, Gina Lagarde.[2]  Per Plaintiff, in response to reporting Ms. Lagarde's office to the Management Staff in the Region 9 Office as well as the Office of Risk Management representative, she was retaliated and discriminated against by Defendants.[3]  Plaintiff's position at LDH/OPH was terminated on February 27, 2024.[4]  Plaintiff brings claims for relief pursuant to 28 U.S.C. § 4101 (Defamation),

---

[1] R. Doc. 1 at 2-3.
[2] R. Doc. 1 at 5.
[3] R. Doc. 1 at 6.  Per Plaintiff, Gina Lagarde, Trina Davis, Jeffery Nelson, and T'Nia Dubose were all LDH/OPH employees.  Jaimie Bailey was an employee of the Southeast Louisiana Area Health Education Center.  R. Doc. 1 at 6.
[4] R. Doc. 1 at 6.

1

41 U.S.C. § 6503 (Breach of Contract), 42 U.S.C. § 1981 (Age Discrimination), and 42 U.S.C. §§ 2000e, *et seq* (Racial Discrimination, Harassment, Retaliation, and Wrongful Termination).[5]

At the time Plaintiff filed her Complaint, she also filed a motion to proceed *in forma pauperis*, which the Court granted on September 10, 2024.[6]  Plaintiff then filed a Motion for Appointment of Counsel on September 25, 2024.[7]

The Court, on March 19, 2025, set a hearing for April 29, 2025, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine whether Plaintiff's claims are frivolous.[8] Plaintiff did not appear for this hearing.[9]  In response, the Court issued a Show Cause Order against Plaintiff, setting a Show Cause Hearing for May 21, 2025.[10]  On May 21, 2025, a Show Cause Hearing was held, with Plaintiff in attendance.[11]  After Plaintiff satisfactorily explained the reason why she did not attend the prior hearing, the Court conducted the previously-set *Spears* hearing, during which it orally denied Plaintiff's request for appointment of counsel.[12]

## II.    Law and Analysis

### A.    Legal Standard

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (recognizing that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers).  Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)    is frivolous or malicious;

---

[5] R. Doc. 1 at 4.
[6] R. Docs. 2, 4.
[7] R. Doc. 5.
[8] R. Doc. 7.
[9] R. Doc. 10.
[10] R. Doc. 10.
[11] R. Doc. 12.
[12] R. Docs. 12, 13.

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 327-28; *see also Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible."). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

3

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal "unless it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

### B.    Discussion

#### a.    Claims Pursuant to 28 U.S.C. § 4101 (Defamation)

As her first cause of action, Plaintiff cites 28 U.S.C. § 4101 for defamation. However, this statute contains only definitions used when litigants are seeking enforcement of foreign judgments against United States citizens who are entitled to First Amendment protections. *Robertson v. F.B.I.*, No. 22-5277, 2023 WL 2027833, at *3 (W.D. La. Jan. 31, 2023) (citing 28 U.S.C. § 4101). "It does not provide a federal cause of action for defamation . . ." *Id.* Because there is no federal cause of action for defamation, this claim is without merit and must be dismissed. *See Mills v. Dollar Gen. Corporate Office*, No. 21-368, 2021 WL 4851065, at *3 (M.D. La. Oct. 18, 2021) (finding no federal question jurisdiction because plaintiff's defamation action arose under Louisiana tort law and not federal law pursuant to Section 4101).

#### b.    Claims Pursuant to 41 U.S.C. § 6503 (Breach of Contract)

Plaintiff's second cause of action is for breach of contract pursuant to 41 U.S.C. § 6503. However, Section 6503 pertains to contracts "made by an agency of the United States for the

manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." 41 U.S.C. § 6502. Here, Plaintiff has not referenced or otherwise identified any such contract and has not alleged that she has entered (or even could enter) into such a contract. As such, this claim, too, is without merit and must be dismissed.

### c.    Claims Pursuant to 42 U.S.C. § 1981 (Age Discrimination)

Plaintiff's next cause of action is for age discrimination pursuant to 42 U.S.C. § 1981. However, Section 1981 "prohibits only racial discrimination," not age discrimination. *Evans v. City of Houston*, 246 F.3d 344, 356 n. 9 (5th Cir. 2001) (citing *Alizadeh v. Safeway Stores, Inc.*, 802 F.2d 111, 114 (5th Cir. 1986)). Thus, Plaintiff cannot bring a viable cause of action for age discrimination under 42 U.S.C. § 1981.

The Age Discrimination in Employment Act ("ADEA"), a federal statute, does make it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To broadly construe Plaintiff's pleading, the Court will analyze Plaintiff's claim for age discrimination according to the ADEA. *See S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that a court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively").

The ADEA does not authorize an alleged mixed-motives age discrimination claim. *Glick v. Greatwide Logistics Servs., LLC*, No. 12-246, 2013 WL 2355398, at *3 (N.D. Tex. May 29, 2013) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175 (2009)). "Instead, a plaintiff bringing a disparate-treatment claim under the ADEA must prove that age was the 'but-for' cause of the challenged adverse employment action." *Id.* (citing *Gross,* 557 U.S. at 167; *Moss v. BMC*

*Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010)).  As such, it is not sufficient for a plaintiff to show that age was a motivating factor; rather, "[b]ut-for cause means the cause without which the challenged adverse employment action would not have occurred."  *Id.* (citing *Gross*, 557 U.S. at 175; *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n. 4 (5th Cir. 1996) (internal quotations omitted)).

In order to establish a *prima facie* case of discrimination under the ADEA, Plaintiff must show that (1) she was a member of the protected class, (2) she was qualified for the position at issue, (3) she suffered an adverse employment decision, and (4) she was replaced by someone younger or treated less favorably than similarly situated younger employees.  *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013) (quoting *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003)).  "While a plaintiff need not plead a *prima facie* case of discrimination in her complaint, the *prima facie* elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim."  *Durham v. Ascension Parish Sch. Bd.*, No. 14-445, 2015 WL 3456646, at *3 (M.D. La. May 29, 2015) (citation omitted).  The protected class includes individuals who are at least forty years old.  29 U.S.C. § 631(a); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 n. 5 (5th Cir. 2004).

This claim by Plaintiff also is deficient.  First, "[a] plaintiff may not bring an ADEA claim in federal court 'until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.'"  *Gilbreath v. Brookshire Grocery Co.*, 400 F. Supp. 3d 580, 588 (E.D. Tex. 2019).  There is nothing in the record to indicate that Plaintiff filed a claim with the EEOC before filing this lawsuit.  Plaintiff also did not reference an EEOC claim or assert that she had filed one during the *Spears* hearing.  As such, Plaintiff is not entitled to bring a claim for age discrimination under the ADEA because she has not yet exhausted all administrative remedies, as required.

Second, Plaintiff has not alleged in her Complaint, or elsewhere, that she is a member of the protected class. Moreover, neither in her Complaint nor during questioning at the *Spears* hearing did Plaintiff state that she was replaced by someone younger than her or treated less favorably than similarly situated younger employees.[13] In fact, Plaintiff has not referenced age at all, other than in listing this cause of action. As such, this claim, too, is without merit and must be dismissed.

          **d.**      **Claims Pursuant to 42 U.S.C. §§ 2000e, *et seq* (Racial Discrimination, Harassment, Retaliation, and Wrongful Termination)**

Plaintiff's fourth and final claim is for violation of the Civil Rights Act of 1964 for racial discrimination, harassment, retaliation, and wrongful termination pursuant to 42 U.S.C. §§ 2000e. While Plaintiff does not specify, the Court interprets this claim to be one under Title VII, which makes it "an unlawful employment action for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Jones v. FJC Sec. Servs., Inc.*, 40 F. Supp. 3d 840, 847 (S.D. Tex. 2014). Title VII also covers claims for retaliation and harassment. *See Johnson v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 90 F.4th 449, 455 (5th Cir. 2024).

---

[13] The Court notes that during the *Spears* hearing, Plaintiff stated that Defendant Gina Lagarde made some comments about Plaintiff that potentially implicated her age, *e.g.*, that she was "old school" and dressed properly. However, Lagarde, as Plaintiff's supervisor, was not similarly situated to Plaintiff under the ADEA. "In disparate treatment cases, the plaintiff must show 'nearly identical' circumstances for employees to be considered similarly situated." *Hardy v. Shell Chem. Co.*, 693 F. Supp. 2d 611, 620 (E.D. La. 2010) (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007)). "The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee v. Kan. City. S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). Such is not the case here, where, *inter alia*, Lagarde was Plaintiff's supervisor.

However, the Court need go no further than this because Courts have made it clear that "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)). As explained above, nothing in the record indicates that Plaintiff filed a complaint with the EEOC, and Plaintiff did not state that she had filed an EEOC complaint during her hearing. As such, Plaintiff has not exhausted her administrative remedies, and her case is not ripe for federal court. Therefore, this claim, too, must be dismissed. *See Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979) ("A judicial complaint that fails to allege exhaustion of administrative remedies . . . is properly subject to dismissal."); *Kelley v. Garland*, No. 21-15, 2023 WL 4003299, at \*5 (N.D. Tex. May 23, 2023) ("Plaintiff's Title VII claim should therefore be dismissed for failure to exhaust administrative remedies.").

### III.   Conclusion

As set forth above, Plaintiff has failed to state a viable claim against any Defendant, considering her Complaint and hearing testimony. Having carefully reviewed all, the Court finds that allowing Plaintiff to amend her Complaint at this time would be futile, as Plaintiff attempts to bring claims under improper federal statutes and has not yet exhausted her administrative remedies.

Accordingly,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claims for defamation and breach of contract be **DISMISSED WITH PREJUDICE** for failure to state a

claim, that Plaintiff's claims pursuant to the ADEA and Title VII be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies, and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on April 6, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**